IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

AMANDA ROPER,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-098

APOLLO GROUP, INC.; TRANS
UNION, LLC; EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and UNITED STATES DEPARTMENT
OF EDUCATION, Direct Loan,

    Defendants.

## ORDER

Plaintiff filed a Motion to Compel seeking an order from the Court instructing Defendant ("Education") to properly respond to Plaintiff's Request for Production of Documents. Plaintiff asserts that Education's responses to items ## 17, 18, 19, 20, and 21 were incomplete. Plaintiff also requests an award of attorney's fees and costs associated with the filing of the instant Motion. Finally, Plaintiff requests Education be required to respond within ten (10) days of this Court's Order.

Education filed a Response wherein it stated that Plaintiff's Motion should be denied because it is "wrong, misleading, and insufficient." (Doc. No. 39, p. 9). Education asserts that it has completely responded to Plaintiff's discovery and provided appropriate supplemental discovery in good faith. Education asserts that Plaintiff's

Motion neither comports with the basic requirements of the Local Rules, nor has Plaintiff's counsel engaged in a good faith effort to resolve the relevant requests.[1]

Rule 34 states that "[a] party may serve on any other party a request . . . to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents." FED. R. CIV. P. 34(a).  Upon "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action," a party may move to compel an answer to an interrogatory or production of documents. FED. R. CIV. P. 37(a).

By local rule, this Court reminds counsel of the duty incumbent upon them to make good faith efforts in resolving discovery disputes.  "Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."  S.D. Ga. L.R. 26.5.  That rule is enforced. See Scruggs v. Int'l Paper Co., 2012 WL 1899405, *2 (S.D. Ga. May 24, 2012).  "Discovery, after all, should be a self-executing, extrajudicial exercise requiring at most infrequent court intervention." Jackson v. Deen, 2012 WL 7198434, ft. 2 (S.D. Ga. Dec. 3, 2012).

I. **Requests for production numbers 18 and 20**

Request for Production number 18 seeks all reports concerning any investigations into any of the persons who used the bank account into which the loan

---

[1] Education's counsel notes that Plaintiff has not submitted complete Initial Disclosures as required by FED. R. CIV. P. 26(a)(1)(A).  Education's counsel submitted documentation that he has requested this information on several occasions. (Doc. No. 39-7).  According to the parties' Rule 26(f) Report (Doc. No. 29) these disclosures were due January 30, 2013.  The Amended Scheduling Order in this case set the close of discovery for May 15, 2013. (Doc. No. 30).  Education, however, has not submitted a motion regarding this matter.  Plaintiff's counsel should be cognizant of the harsh consequences for failure to timely submit discovery. FED. R. CIV. PRO. 37(c).

2

proceeds associated with the Apollo Group account were deposited. Request for Production number 20 asks for all of Education's policy manuals describing the proscribed procedures for responses to automated consumer dispute verification demands from credit reporting agencies, occurring when a consumer contends that information reported by Direct Loans to such entities is erroneous. Education generally objected to Request 18, but noted that there is no such report – other than the investigation report associated with the instant suit. (Doc. No. 39-2, p. 9). Education's response pointed to the report, as produced pursuant to Request 1. (Id.). As to Request 20, Education responded that no policy manuals exist, as the reporting procedures are set forth under federal law and regulation. (Id. at p. 10). Education contends these responses are complete. Education's counsel also avers that Plaintiff's counsel never expressed dissatisfaction with the content of these responses before filing the instant Motion.

There is no indication that Plaintiff sought supplementation of Education's responses to Requests 18 and 20 prior to the filing of this Motion. Plaintiff's counsel does not describe the particulars of the general objection to these responses. The Court finds responses 18 and 20 to be sufficient under Rule 34. There is no evidence suggesting Education has withheld documents responsive to this request.

II. **Requests for production numbers 17, 19, and 21**

Request for Production 17 seeks copies of contracts between Education and other defendants to this suit regarding the reporting of credit matters or furnishing of credit matters subsequent to January 1, 2010. Request for Production 19 asks for all documents received by the Department of Education's Office of the Inspector General

regarding any of Plaintiff's loans. Request for Production 21 seeks all contracts between Education and other defendants to this suit regarding the reporting of credit matters or the furnishing of information to the Department of Education. Education initially objected to Requests 17 and 21 asserting that the requests were vague, burdensome, and not reasonably calculated to lead to discoverable evidence. (Doc. No. 39-2, pp. 9-10). Education's response to Request 19 indicated that it was actively seeking responsive documents from the Office of the Inspector General and that such documentation would be produced. (Id.). Education's response further pointed to the documents produced in connection with Requests 1 and 2 and the Illes Declaration as responsive to the request for documents related to the investigation involving Plaintiff. (Id.). Not included with Plaintiff's Motion, however, are the supplements which followed Education's initial response.

Education provided Plaintiff a First Supplemental Response on March 19, 2013, stating that Education has not entered into any such contracts and explaining the applicable laws and regulations regarding Requests 17 and 21. (Doc. No. 39-3). Then, on March 22, Education supplemented its response to Request 19 with a "Data CD" containing information obtained from the Office of the Inspector General. (Doc. No. 39-4). There is no evidence that Plaintiff's counsel expressed dissatisfaction with Education's response and supplementation of Request 19 after the production of this information.

Since that time, there appear to have been several instances in which Plaintiff's counsel expressed disbelief with Education's response that it does not hold "contracts" with the defendant credit reporting agencies. Education attempted to respond to

Plaintiff's request for a "verification" that no contracts exist in a letter dated April 17, 2013. (Doc. No. 39-6). In the letter, Education's counsel explicitly describes the laws and regulations governing how Education supplies information to credit reporting agencies. Specifically, Education's counsel states:

> Education maintains that its obligations with regards to the supplying information to the consumer credit reporting agencies are prescribed by law. See 20 U.S.C. § 1080a; 34 C.F.R. § 682.20. However, entities that service Department of Education loans may have contractual agreements with all four major credit bureaus.

(Id. at p. 1). The letter also addresses Plaintiff's counsel's assertion that the existence of the Consumer Services Schedule[2] document evidences contracts between Education and consumer credit reporting agencies. Education's counsel explains in the letter that the Consumer Services Schedule is not an agreement between Education and reporting agencies and confirms the accuracy of Education's previous discovery responses. (Doc. No. 39-6). Evidently, a phone call between counsel occurred following Plaintiff's counsel's receipt of this letter. (Doc. No. 39, pp. 5-6). Plaintiff's counsel apparently abruptly ended the call. (Id.). The filing of the instant Motion followed.

It appears to the Court (from the documentation provided by Education's counsel) that Education has willingly complied with all of Plaintiff's discovery requests. Education has supplemented its initial responses on at least three occasions. There is no evidence before the Court to contradict Education's assertions that it has been forthcoming throughout the discovery process. Nothing before the Court suggests that

---

[2] Doc. No. 35-1, pp. 16-18 (submitted as an exhibit to Education's Motion to Dismiss).

AO 72A
(Rev. 8/82)

Education is in possession of any documents responsive to Plaintiff's Request 17 and 21.

## III. Conclusion

Plaintiff's Motion to Compel is **DENIED**. (Doc. No. 38). At this time, Education is not required to supplement responses to Requests 17, 18, 19, 20, or 21. Plaintiff requested an award of expenses and attorney's fees incurred in the filing of this Motion. Plaintiff's request is **DENIED**.

**SO ORDERED**, this 23rd day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE